**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:18-CV-00621-DGK |
| SKYLINE METRICS, LLC d/b/a ONCEDRIVEN, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING LEAVE TO CONDUCT DISCOVERY

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the implementing regulations, 47 C.F.R. § 64.1200 *et seq.* Plaintiff alleges Defendant made advertising and telemarketing calls to Plaintiff's and putative class members' cellular telephones without their prior express written consent. Defendant has not defended against this action.

Now before the Court is Plaintiff's Motion for Leave to Conduct Discovery (Doc. 7) in order to seek class certification and obtain a default judgment. Because Plaintiff must still seek to certify the class and provide evidence of the amount of damages to fully recover, the motion is GRANTED.

### Background

On August 13, 2018, Plaintiff filed a Complaint seeking a money judgment against Defendant for violations of the TCPA (Doc 1). Plaintiff served Defendant with the Complaint on September 12, 2018 (Doc. 3). Defendant had twenty-one days to answer or otherwise respond to the Complaint, *see* Fed. R. Civ. P. 12, but failed to do so. As a result, on October 25, 2018, the

Clerk entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure[1] (Doc. 8). Plaintiff now seeks leave to conduct discovery before filing a motion for default judgment pursuant to Rule 55(b).

## Standard of Review

A district court has wide discretion in handling pretrial discovery matters. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). Pursuant to Rule 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." But a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) … [unless] authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Rule 55(b)(2), which governs default judgments, also provides that the "court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: … (B) determine the amount of damages; … or (D) investigate any other matter."

## Discussion

Without a responsive pleading, the parties are unable to conduct a Rule 26(f) conference and proceed with discovery. Therefore, Plaintiff requests the Court grant him leave to conduct limited discovery in order to determine whether class certification is proper and to evaluate the extent of the damages. He avers this information is necessary to obtain a default judgment.

### I. Plaintiff may seek limited discovery in order to ascertain whether class certification is proper.

The putative class has yet to be certified, and an entry of default does not alter the Court's analysis for class certification; Plaintiff must still prove that all the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) has been met. Fed. R. Civ. P. 23.

---

[1] All rules refer to the Federal Rules of Civil Procedure unless otherwise noted.

Plaintiff is currently unable to prove class certification is proper, however, because discovery has not yet occurred. Now that Defendant refuses to answer or appear in court, Plaintiff will have no opportunity to prove class certification is proper absent leave from the Court to do so.

Pursuant to Rules 26(d) and 55(b), other district courts faced with the same set of circumstances have allowed a plaintiff to take class discovery after an entry of default in order to seek class certification and obtain a default judgment on behalf of the entire class. *See Williams v. NRS Billing Servs., LLC*, No. 1:16-CV-00075-RJA, slip. op. at *1-2 (W.D.N.Y. July 27, 2016); *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360-61 (E.D. Wis. 2004). This conclusion is not only appropriate but also just; Defendant should not be rewarded by avoiding class liability for refusing to appear or file a responsive pleading. The Court exercises its discretion to allow Plaintiff to conduct limited discovery to ascertain whether class certification is proper.

## II. Plaintiff may seek limited discovery in order to determine the amount of damages.

Plaintiff also seeks to conduct discovery as to damages. Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability but does not take as true conclusions of law or factual allegations relating to damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Rather, the plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16–CV–00929–AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016).

It is therefore unsurprising that, after a clerk's entry of default, district courts have uniformly allowed a plaintiff to conduct limited discovery to determine the amount of damages. *See, e.g., Alstom Power Inc. v. Graham*, No. 3:15-CV-174, 2016 WL 354754, at *3 (E.D. Va. Jan.

27, 2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages"); *Employers and Cement Masons #90 Health and Welfare Fund v. Albright Concrete*, No. 4:17-CV-1424-CDP, 2017 WL 6316815, at *3 (E.D. Mo. Dec. 11, 2017) (noting that the court granted Plaintiffs' request for permission to conduct discovery regarding damages); *Sprint Nextel Corp. v. Yoak*, No. 4:13-CV-01292-AGF, 2014 WL 2894931, at *1 (E.D. Mo. Jun. 26, 2014) (same); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 791 (S.D. Mich. 2004) (allowing limited discovery to assess damages).

So too here, allowing discovery before the filing of a motion for default judgment best serves judicial economy because in order to recover damages in a default judgment, Plaintiff will need to prove them to a reasonable degree of certainty. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) ("Evidence and supporting documents must provide a basis for the amount of damages sought by plaintiffs and awarded by the Court."). Moreover, the discovery involved in class certification will certainly be similar to the discovery involved in determining damages, and the process can be expedited by conducting discovery on both issues concurrently. Plaintiff is granted leave to conduct discovery on damages.

### III.    A defaulting defendant is considered a "party" to the litigation for purposes of discovery.

Another issue the Court must address, though not discussed by Plaintiff, is the manner of discovery the Court may authorize. The Federal Rules do not explicitly specify whether a defaulting defendant is to be considered a party or non-party to the litigation, and courts in other jurisdictions have come to different conclusions.

For example, the Ninth Circuit has held that a defaulting defendant should be treated as a nonparty. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). In so holding, the Ninth Circuit adopted the reasoning of the court in *Blazek*:

a default[ed] defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint .... a [defaulted] defendant can reasonably be regarded as having given up most of the benefits that status as a party confers.

222 F.R.D. at 361-62.

But courts in other jurisdictions have held a defaulting defendant should be treated as a party. *See Williams*, No. 1:16-CV-00075-RJA, slip. op. at *1-2; *Minx, Inc. v. West*, No. 2:11-CV-00895-BSJ, 2011 WL 5844486, at *2 (D. Utah Nov. 21, 2011). This is because the plain language of Rule 55 refers to the defaulting defendant as just that: a *party*. Fed. R. Civ. P. 55(a) ("When a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … the clerk must enter the *party*'s default") (emphasis added). The Court finds this reasoning persuasive. Moreover, treating a defaulting defendant as a nonparty is illogical given that it would prevent a defaulting defendant with the ability to contest unliquidated damages *as a party* from being able to engage in discovery under Rules 26 to 37. Fed. R. Civ. P. 55(b)(2); *see, e.g., Minx, Inc.*, 2011 WL 5844486, at *2. Given the plain language of Rule 55, a defaulting defendant should be treated as a party for purposes of the discovery rules.

## Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's motion for leave to conduct limited discovery (Doc. 7) only as to the issues of class certification and damages. It is further ORDERED that Plaintiff shall file a proposed scheduling order for the time necessary to complete such discovery by January 4, 2019.

**IT IS SO ORDERED.**

Date: December 14, 2018          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT