**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| LUCAS CRANOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00621-DGK |
| | ) | |
| SKYLINE METRICS, LLC d/b/a | ) | |
| ONCEDRIVEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFAULT JUDGMENT AGAINST SKYLINE METRICS, LLC,
IN FAVOR OF PLAINTIFF, INDIVIDUALLY**[1]

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the implementing regulations, 47 C.F.R. § 64.1200 *et seq*. Plaintiff alleges Defendant made advertising and telemarketing calls to Plaintiff's cellphone without his prior express written consent. Defendant has not defended against these allegations.

Now before the Court is Plaintiff's Motion for Default Judgment Against Defendant Skyline Metrics, LLC and in Favor of Plaintiff, Individually (Doc. 13). For the reasons below, the motion is GRANTED and judgment is awarded against Defendant for $5,390.

**Background**

On August 13, 2018, Plaintiff filed a Complaint seeking a money judgment against Defendant for violations of the TCPA (Doc 1). Plaintiff's Complaint alleges that Defendant violated the TCPA by leaving artificial prerecorded voice messages on his cellphone without his prior written consent on three separate occasions. Compl. at ¶¶ 23, 24, 25, 29. The Complaint

---

[1] Plaintiff originally filed the Complaint on behalf of a putative class, however, this motion only seeks individual relief, and Plaintiff indicates he will not seek class certification or default on behalf of the class.

also asserts that all three voice messages encouraged Plaintiff to purchase or invest in Defendant's services. *Id*.

Plaintiff served Defendant with the Complaint on September 12, 2018 (Doc. 3). Defendant had twenty-one days to answer or otherwise respond to the Complaint, *see* Fed. R. Civ. P. 12, but failed to do so. As a result, the Clerk entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 8). Plaintiff now seeks a default judgment in the amount of $4,500, plus costs and fees of $890, for a total of $5,390. Defendant did not respond.

## Standard of Review

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16–CV–00929–AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). When uncontested affidavits and other documentary proof make damages readily ascertainable, the district court does not abuse its discretion in failing to have an evidentiary hearing on damages. *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015); *H&R Block Enters. LLC v. Ascher*, No. 4:15–cv–00178–SRB, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015) ("Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment.").

## Discussion

The TCPA provides that "[n]o person or entity may . . . initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing,

using . . . an artificial or prerecorded voice . . . other than a call made with the prior express written consent of the called party." *See* 47 C.F.R. § 64.1200(a)(2). A recipient of a call that violates the TCPA may recover actual monetary loss, or $500, whichever is greater, for each TCPA violation. 47 U.S.C. § 227(b)(3)(B); *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 997 (8th Cir. 2016). Additionally, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph" for willful or knowing violations. 47 U.S.C. § 227(b)(3)(C).

In this case, Defendant violated the TCPA by leaving three artificial prerecorded voicemails that advertised its services on Plaintiff's cellphone without his prior written consent. Compl. at ¶¶ 23, 24, 25, 29; Decl. of Lucas Cranor at ¶¶ 3, 7-9 (Doc. 13-1). For each of the three calls, Plaintiff seeks $1,500 in damages: $500 for each violation, trebled since the violations were knowing and willful. Mot. for Default Judgment at ¶ 21.

The Court finds Plaintiff is entitled to these statutory damages because Defendant's TCPA violations were knowing and willful. Indeed, just two months before Defendant robo-called Plaintiff, another individual sued Defendant for violating the TCPA based on similar conduct. *See Shainsky v. Skyline Metrics, LLC d/b/a Oncedriven.com, et al.*, No. 2:18-cv-01867-JLS-MRW (C.D. Cal.) (Doc. 1) (Class Action Complaint filed March 6, 2018). Accordingly, the Court awards Plaintiff $4,500 for Defendant's three knowing and willful violations of the TCPA.

Plaintiff also requests costs in the amount of $890, which is comprised of the filing fee, service of process fees, and pro hac vice admission fees. Decl. of Theodore H. Kuyper at ¶¶ 4-8 (Doc. 13-2). These costs are reasonable and were incurred as a necessary part of Plaintiff's attempt to enforce his rights under the TCPA. Thus, the Court also awards Plaintiff costs of $890.

**Conclusion**

Accordingly, the Court GRANTS Plaintiff's motion for default judgment. The Clerk of the Court is directed to enter judgment against Defendant in the amount of $4,500 for knowingly and willful violations of the TCPA and $890 in costs and fees, for a total of $5,390.

**IT IS SO ORDERED.**

Date: October 3, 2019                         /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT